

ORIGINAL

JOHN HARRIS PAER     #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 27 2007
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DORIS LEE, | CIVIL NO. CV07 00406 JMS BMK |
| Plaintiff, | COMPLAINT; EXHIBITS "A - C"; SUMMONS |
| vs. | |
| LDG FINANCIAL SERVICES, LLC., | |
| Defendant. | |

COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under HRS Chapters 443B and 480.

PARTIES

3. Plaintiff is a natural person and resident of the State of Hawaii.

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff, both by mail and by telephone.

6. On or about March 8, 2007, Defendant sent its first collection letter to Plaintiff. A true copy of that letter is attached hereto as Exhibit "A".

7. On March 16, 2007, counsel for Plaintiff requested verification of the debt by letter of that date. A true copy of that letter is attached hereto as Exhibit "B".

8. On or about March 20, 2007, Defendant sent a letter to Plaintiff's counsel in an attempt to collect the debt. A true and correct copy of that letter is attached hereto as Exhibit "C".

9.  The underlying debt was incurred primarily for personal, family, or household purposes.

10. Defendant never sent the requested verification.

## COUNT I

11. Plaintiff realleges and incorporates paragraphs 1 through 12 of this Complaint.

12. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

    (a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

    (b) Defendant has used unfair means to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

    (c) Defendant has not sent to Plaintiff the proper notices and/or verifications in violation of 15 U.S.C. §1692g.

## COUNT II

13. Plaintiff realleges and incorporates paragraphs 1 through 12 of this Complaint.

14. Defendant's violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

15. Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

16. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved.

2. Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS

4. Award Plaintiff reasonable attorneys' fees and costs.

5. Award Plaintiff other appropriate relief.

DATED: Honolulu, Hawaii, July 27, 2007.

_____
JOHN HARRIS PAER
Attorney for Plaintiff